CORLETT, J., concurred; MACOMBER, J., not sitting.

Motion for a new trial denied, with costs, and judgment ordered for the defendant on the verdict.

---

WEBSTER B. VAN NUYS, RESPONDENT, *v.* JOSIAH E. TITSWORTH, APPELLANT, IMPLEADED, ETC.

*Stipulation in an action — when a party will be relieved therefrom by the court.*

Where, in an action brought for the settlement of a partnership account, a party has been induced to enter into a stipulation for its compromise and settlement, through a desire to escape from further litigation, and it appears, in the light of subsequent events, that instead of buying his peace by the compromise made he has thereby involved himself in future litigation likely to be even more serious and protracted than that from which he attempted to escape, the court will, in the exercise of its discretion, where all parties can be restored to the same condition in which they were when the stipulation was made, relieve such party from the stipulation thus entered into by him.

APPEAL by the defendant Josiah E. Titsworth from an order, entered in the office of the clerk of the county of Livingston on the 21st day of December, 1889, setting aside a stipulation.

The action was brought for the dissolution of a copartnership existing between the defendants Josiah E. Titsworth and Amos Van Nuys, as of the date of an assignment by said Van Nuys to the plaintiff, and judgment was asked that an account should be taken of all the copartnership dealings and transactions, and that the defendant Titsworth should be adjudged to pay to the plaintiff whatever should appear upon said accounting to be due to him, as the assignee of the defendant Amos B. Van Nuys; that a receiver be appointed, and that the defendant Titsworth should be enjoined from interfering with the property until the final judgment in this action. Pending the

action a stipulation was entered upon the minutes of the referee, before whom the action was tried, and was as follows:

This instrument or writing, dated the 21st day of October, 1889, is given for value received, and is intended as and for a receipt in full from Amos B. Van Nuys, Webster B. Van Nuys and Harriet K. Van Nuys, and each of them, to Josiah E. Titsworth and Eleanor M. Titsworth and each of them, of all claims and demands of every name and nature growing out of, or in any manner connected with, the business or business relations, and the property, or the avails thereof, of the former firm of Titsworth & Van Nuys, composed of Josiah E. Titsworth and Amos B. Van Nuys, said property being now in the possession of James B. Frazer as receiver of the property and assets of said firm, and of all other claims and demands which we or either of us now have or hold against the said Josiah E. Titsworth and Eleanor M. Titsworth, or either of them.

This receipt is given for the further consideration of a complete, final and full settlement of all accounts, demands and business relations by and between the said Josiah E. Titsworth and Amos B. Van Nuys; and the said Webster B. Van Nuys, for value received, agrees to immediately, or as soon as practicable, discontinue, or cause to be discontinued, all proceedings now pending in the Supreme Court, before Hon. E. A. Nash, referee, in which said Webster B. Van Nuys is plaintiff and said Josiah E. Titsworth is defendant or co-defendant; and all other litigations or suits in which the said Amos B. Van Nuys, Webster B. Van Nuys and Harriet K. Van Nuys, or either of them, are plaintiffs or co-plaintiffs, as against said Josiah E. Titsworth and Eleanor M. Titsworth, or either of them, as defendants or co-defendants.

The respective parties to each and all suits, or legal proceedings, now pending, to pay their respective attorneys. The balance of all costs and expenses incurred or hereafter necessary to be incurred in the settlement of all pending litigation, to be paid by the respective parties thereto, as they shall agree, at or before the execution and delivery of this paper.

And the said Amos B. Van Nuys, Webster B. Van Nuys and Harriet K. Van Nuys agree that they will in a proper and legal manner unite with the proper person or persons in obtaining from the possession of said James B. Frazer all moneys and other prop-

erty in his possession or under his control as receiver as aforesaid of the property and avails of said firm of Titsworth & Van Nuys, the same to be delivered to such person or persons, and in such proportion as the said Webster B. and Harriet K. Van Nuys may hereafter agree upon.

This writing, or receipt, not to become effective or binding until all the considerations and conditions hereinbefore mentioned have been fully complied with.

AMOS B. VAN NUYS.

WEBSTER B. VAN NUYS.

HARRIET K. VAN NUYS.

*F. C. Peck*, for the appellant.

*F. W. Noyes* and *C. J. Bissell*, for the respondent.

DWIGHT, P. J. :

Agreements and stipulations made between the parties to a pending action, and relating to its prosecution or discontinuance, are regarded as specially within the supervision and control of the court, and a wide discretion is exercised in relieving parties from such agreements, even though made upon sufficient consideration, if only both parties can be restored to the same condition as when the agreement was made. It is not necessary in such case to show fraud, deceit or mutual mistake, over-reaching or undue influence ; it is sufficient if it appear that either party has inadvertently, unadvisably or improvidently entered into an agreement which will take the case out of the due and ordinary course of proceeding in the action, and in so doing may work to his prejudice. (*Becker* v. *Lamont*, 13 How. Pr., 23, and the cases and authorities cited ; *Barry* v. *The Mutual Life Insurance Co.*, 53 N. Y., 536.)

In the case first cited Judge MASON quotes a remark of Lord LYNDHURST in *Furnival* v. *Bogle* (4 Russ., 149), when relieving a party from an important order entered by consent. The lord chancellor said : " I am the more disposed to come to this conclusion because, though the Messrs. Bogle will lose the benefit of the order, they will not lose any advantage which the merits of their case entitle them to." The remark, though apologetic in form, indicates the principle upon which this power of the court is exercised, viz., that the court to which the rights of the parties have once been submitted

will exercise a supervision of all proceedings in the action, even though taken by consent, and will control such proceedings with a view to a final disposition of the case according to its merits.

This action was for the settlement of a partnership account, and was brought by the plaintiff as assignee of the interest of his brother in the copartnership, which had been transferred to the former in consideration of an indebtedness due to him from the latter. The proceedings in the action had been protracted; the plaintiff was an invalid and his health was injuriously affected by the trouble and anxiety incident to the trial, and he seems to have been chiefly induced to enter into the agreement for a compromise of his claim and a settlement of the action, by his desire to escape further litigation. He entered into the agreement against the advice of his attorney and the counsel who had assisted in the trial, and the agreement was drawn by an attorney not engaged in the case. Developments which occurred soon after the execution of the agreement tended to show that instead of buying his peace by the concessions he had made, he had thereby involved himself in future litigation, likely to be even more serious and protracted. It was then, for the first time, that he discovered the fact that there were large judgments against his brother and assignor, and that, immediately upon the fact of the settlement of this action becoming known, the owner of two of those judgments, amounting to some $12,000, had commenced proceedings supplementary to execution thereon. Here was an indication of an intention on the part of creditors to inquire into the circumstances of the transfer by the debtor of his interest in the copartnership and the disposition of that interest, with a view, possibly, of charging the assignee with the value of that interest over and above the amount of the debt in consideration of which the transfer was made. It was upon learning of these facts, and of his liability to be made defendant in another litigation, or series of litigations, even more onerous than that which he had sought to escape, that he appealed to the court to be relieved from the agreement and stipulation in this action.

In view of the principles briefly stated above, we think it was not in excess of the discretion of the court at Special Term to make the order appealed from which restores all parties to the *status quo*, and in no way prejudices the merits of the action.

We think the order should be affirmed, without costs of this appeal to either party.

MACOMBER, J., concurred; CORLETT, J., not voting.

Order appealed from affirmed, without costs of this appeal to either party.