### SPERB v. METROPOLITAN EL. RY. Co.

*(Supreme Court, General Term, First Department. June 26, 1890.)*

**1. APPEAL—REVIEW—QUESTIONS OF FACT.**

On an issue whether authority to settle an action had been revoked by plaintiff before a settlement was actually made, the finding of the referee, to whom the matter was referred, is not conclusive upon the general term, but it is the duty of that court to consider the evidence, and, if upon the whole case it thinks a different result should have been arrived at, to decide accordingly.

**2. PRACTICE IN CIVIL CASES—STIPULATION—SETTING ASIDE.**

A stipulation by a party may be set aside where it appears that it was given unadvisedly, that it would be inequitable to hold him to it, and that the other party has not been prejudiced thereby.

Appeal from special term, New York county.

Action by William Sperb, Jr., against the Metropolitan Elevated Railway Company. Defendant appeals from an order setting aside a stipulation for the settlement of the action.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Davies & Rapallo, (Brainerd Tolles,* of counsel) for appellant. *Edwin M. Felt,* for respondent.

VAN BRUNT, P. J. A motion was originally made for this purpose at the special term, but upon the hearing, the judge presiding not being willing to pass upon the conflicting statements made in the affidavits, a reference by consent was made to Stephen H. Olin to take proofs and report the same with his opinion thereon. The referee, after hearing the parties and the proofs which they produced, reported that early in the month of April, 1889, the plaintiff authorized his attorney to settle this action with the defendants upon the receipt from them of the sum of $3,000, and that on the 19th of April the plaintiff, by notice in writing, revoked and annulled the said authority to settle the action; that an agreement for the settlement of the action was, on the 18th of April, 1889, signed by the defendants' attorneys, and delivered to the plaintiff's attorney, but that the said agreement was not on said day signed by the plaintiff's attorney and delivered to the defendants' attorney; that thereafter, and after April 19, 1889, and after the said revocation of his authority to settle the action, the plaintiff's attorney signed the said stipulation, and delivered the same to the defendants' attorney. Upon these facts the court vacated the stipulation, and from the order thereupon entered this appeal is taken.

It is claimed upon the part of the appellant that there is no evidence whatever to sustain the finding of the referee that the stipulation was not signed by the plaintiff's attorney until after the revocation of his authority. The counsel for the respondent claims that as the sole question to be determined upon the motion was one of fact, and that as a full opportunity was offered to the defendants to produce their proofs before the referee, and that after doing so both the referee and the judge at special term have concurred that the motion should be granted and the stipulation vacated, this court will not review the facts, and, unless some error of law is found, it will affirm the order appealed from. We think, however, that the learned counsel for the

respondent is mistaken in respect to the duty of this court upon the hearing of this appeal. We think that it is bound to consider the evidence, and, if upon the whole case it thinks that a different result should have been arrived at, it is its duty so to decide. There are no questions of law involved in this appeal, but simply a question of fact, and although the court in reviewing the facts should bear in mind the circumstance that the referee in examining the witnesses before him had the benefit of their oral testimony, had the benefit of their demeanor upon the stand in determining what credit should be given to their evidence, his findings thereon are not necessarily conclusive. There is unfortunately in this case a degree of uncertainty in reference to certain material features, which makes it somewhat embarrassing when the court considers the evidence taken before the referee as it appears in the record now presented. There was, from the evidence offered upon the part of the plaintiff, a presumption created arising from the admissions of the attorney, sworn to by the plaintiff and his witness, and which evidently was believed by the referee, that the stipulation in question had not been signed by the attorney until after the revocation of his authority. It is true upon his examination the attorney testified to a condition of affairs which is inconsistent with this idea, as, according to his testimony, the stipulation was signed immediately after Mr. Smith returned from his interview with the plaintiff, a day or two before the revocation. It is true that the attorney could not give the date upon which he claims this stipulation to have been signed; but we think that no great weight should be placed upon this fact, because if a date is fixed by testimony as to events it is equally as satisfactory as though the particular date had been given, because it is a familiar feature in respect to testimony that many persons cannot recollect dates, but whose recollection of events, and the sequence of events, is perfect. This testimony was entirely inconsistent with that given on behalf of the plaintiff by the plaintiff himself and Mr. Thomas, who saw the plaintiff's attorney subsequent to the revocation of the authority. And we are equally unfortunate in the want of memory of the representative of the defendants' attorneys, who had charge of this matter. Their blotter shows that undoubtedly, on the 18th of April, a stipulation was signed for the settlement of this case, but by whom does not appear, and it would seem to be probable that that entry was made at the time the stipulation in question was signed by the defendants' attorney, and sent to the plaintiff's attorney. This witness has no independent memory of the date when the exchange of stipulations took place. All that he could testify to after reading the entry was that he believed that on the 18th of April he exchanged written stipulations, and that all that he recollected positively was that stipulations were exchanged. It is true that certain letters from the plaintiff's attorney to the plaintiff were sought to be proved, but there was no satisfactory evidence that they had ever been received by the plaintiff, so as in any way to invalidate the testimony which he gave before the referee.

It is urged upon the part of the appellant that there was a radical misconception of the issue before the referee, and of the situation of the parties relative to the burden of proof. Upon this point we think there is also a misconception upon the part of the appellant. The right of the plaintiff to be relieved from this situation does not depend upon the strict rules of law; but, in view of the fact that the defendants have lost nothing by reason of the stipulation being given, the court could relieve the plaintiff from the stipulation even after it had been given by his own act, if it was given inadvisedly, and it would be inequitable to hold him to its terms. The burden, therefore, is not entirely upon the plaintiff to show that this stipulation was absolutely signed after the withdrawal of the authority. If there was grave doubt upon that subject, the court would be justified in relieving the plaintiff from the situation, although he did not absolutely establish that it had been

signed subsequent to the revocation of the authority. Upon an examination of the evidence in this case, we see no reason for interfering with the order of the court below, and it should be affirmed, with $10 costs and disbursements. All concur.