## BIRDSALL CO. v. AYRES.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

1. STIPULATION—EFFECT—DISCONTINUANCE.

While an action for balance due on a contract for placing a steam-heating apparatus in defendant's building was at issue, the parties stipulated that a thorough test of the apparatus should be made under the supervision of a designated person, and that defendant should pay the balance due if such person declared the test satisfactory, or if plaintiff should thereafter make the apparatus satisfactory to him. *Held*, that the stipulation was not a submission of the controversy to arbitration, so as to operate as a discontinuance of the action, but merely constituted the designated person an expert, whose report as to the condition of the apparatus was to be conclusive at the trial of the action.

2. SAME—ABANDONMENT.

The acquiescence of the parties in the suggestion of the expert recommending certain changes, and dividing the costs of such changes equally between the parties, was an abandonment of the stipulation.

3. SAME—EFFECT OF REFERENCE.

Consent by both parties to a reference of the issues presented by the pleadings operates as an abandonment of any claim that might subsequently be made that the stipulation worked a discontinuance of the action because in effect a submission to arbitration.

Appeal from judgment on report of referee.

Action by the Birdsall Company against Stephen B. Ayres for a balance due on a contract to place a steam-heating apparatus in defendant's building. From a judgment in plaintiff's favor, entered on the report of a referee, defendant appeals. Affirmed.

The referee's opinion is as follows:

"The facts in this action are few in number and simple in character. The making of the contract between the parties, for placing a steam-heating apparatus by the plaintiff in the defendant's building, is conceded; also the placing in said building by the plaintiff of a steam-heating apparatus, and that defendant had not paid plaintiff $184.16, which remained due on said contract, provided the plaintiff had fully performed. But the defendant was not satisfied with plaintiff's performance of the contract, and the only substantial question in this action, under the pleadings, was whether plaintiff had performed the contract according to its terms. After the case was at issue, and while it was on the calendar, the parties saw fit to execute a stipulation, by the terms of which the action went over the term, and one William N. Wise was selected to examine the work of the plaintiff under said contract, and three unique provisions were then inserted. By the first the defendant was to pay any balance due, unless he permitted Wise to test the apparatus; by the second the defendant was to pay said balance if Wise should find the apparatus satisfactory; by the third, if Wise should not be satisfied with the plaintiff's apparatus, the plaintiff was to make it satisfactory under the direction of Wise, and then defendant was to pay said balance. Costs were not mentioned, except in one place. If Wise should find the apparatus satisfactory on his examination under the second provision, then defendant agreed to pay balance due and costs, but under the first and third provisions nothing was said about costs. Wise made the tests contemplated by the stipulation, found the work unsatisfactory, and suggested certain changes, which the plaintiff made. On the further suggestion of Wise, each party paid half the expense of these changes, and then Wise pronounced the apparatus satisfactory. This was followed by an order of this court, dated April 16, 1892, allowing the defendant to bring into court the sum of $201, admitted by him to be due the plaintiff, and that, unless the plaintiff should accept the sum in full discharge of this action, the same should be deducted from any recovery herein. The order contained other provisions of no importance here. The defendant tendered the plaintiff $201, April 18, 1892, under said order. The plaintiff declined to accept, because no costs were tendered with the $201, and defendant then paid that sum into court.

"On these facts the plaintiff claims judgment for the balance due on the contract, and the costs of the action. The defendant insists that the action is no longer pending, having been, as matter of law, discontinued by the stipulation, and consequently judgment should be ordered for the defendant. The real controversy appears to cover only the costs of the action; but both parties concede that I have no power to determine the question of costs. I can only decide whether the stipulation operated to discontinue the action, and, if not, whether it has been performed by the plaintiff. There can be no doubt concerning plaintiff's performance of the stipulation, and the remaining question is one of construction. If the stipulation amounts to a submission by the parties of the differences between them to arbitration, then the action was discontinued June 3, 1892. As Judge Danforth says in McNulty v. Solley, 95 N. Y. 242: 'The submission is eo acto a discontinuance;' and it follows that all subsequent proceedings in the action must necessarily be void. But in my opinion the stipulation is not a submission to arbitration. It is only a modification of the original agreement, and might have been included in that agreement when first made, had the parties so chosen. Even the question of performance by the plaintiff is not left to the decision of Wise. He is merely to say whether the apparatus is satisfactory to him, and, if not, it is to be made so under his direction. In either of those events the defendant agrees to pay the balance due. In another view it may be regarded as a selection of the sort of evidence that shall be regarded as competent and conclusive on the trial of the action, leaving the question of the performance of the stipulation, not of the original contract, the only problem for the court. If Wise was satisfied on the first test made, or became satisfied after changes and additions, that ends all controversy. But Wise is not an arbitrator. The action is not submitted to him, nor is any question as to the plaintiff's performance of the contract. He is to be or to become satisfied, as an expert, with the apparatus; nothing more. Then the defendant agrees to pay balance due; in other words, he stipulates to abandon his defense when Wise's satisfaction has become manifest to the parties, in some proper way. These reasons appear to me conclusive against the claim that the stipulation amounts to a submission to arbitration, and consequently the plaintiff is entitled to judgment. The action is not an equitable one, and I have nothing to do with the question of costs, and make no decision concerning them."

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

Thomas Carmody, for appellant.
M. A. Leary, for respondent.

MACOMBER, J.   This action was bronght to recover a balance due upon a contract made between the plaintiff and the defendant, whereby the former was to furnish a steam apparatus for heating the latter's building.   The substance of the answer is that the plaintiff failed to comply with the terms of the contract, in that the heating apparatus was defective, and was incapable of heating the block in question, according to the terms of the agreement.   While the case was pending, and was upon the calendar of the circuit court at the term held in June, 1891, the parties with their attorneys entered into an agreement in writing, by which the cause went over the term, and a thorough test directed to be made of the steam apparatus by the defendant under the supervision of one William N. Wise; "and, in case said Ayres shall fail to do so, he hereby agrees to pay on demand the balance due upon the contract for steam heating between himself and the said Birdsall Company.   If the test above mentioned is satisfactory to said Wise, said Ayres agrees to pay the balance due upon said contract upon demand, together with the costs of this action.   If such test is not satisfactory, the said Birdsall Company shall, with all reasonable dispatch, under the direction of said Wise, make the steam-heating apparatus put in by them for said Wise satisfactory to said Wise, and, when satisfactory to said Wise that plaintiff has performed the contract, said Ayres agrees to pay on demand the balance due upon said contract."   The result of this arrangement was that Wise undertook to adjust the matter between the parties; examined the apparatus, and recommended certain changes, which it is not necessary to state in detail, costing the sum of $24.88, one half of which, namely, $12.44, each party to this action should pay.   This proposition was accepted by the parties, and the matter adjusted accordingly.

This disposition made by the expert, Wise, does not seem to have been made in pursuance of the terms of this contract.   The counsel for the defendant now takes the position that the agreement in writing above mentioned removed the action from court, and was tantamount to an arbitration of the matters covered by the issues in the case.   Accordingly, on motion, the court at special term allowed the defendant to bring into court the sum of $201, admitted by him to be due to the plaintiff, and ordered that, unless the plaintiff should accept this sum in full discharge of the action, the same should be deducted from any recovery that might be obtained herein.   This amount was duly tendered by the defendant to the plaintiff, and was refused because the tender did not cover the costs of the action.   Subsequent to all of these negotiations and finesse, and at a subsequent term of the circuit held on the 23d day of May, 1892, upon consent given in open court by the attorneys of the respective parties, the cause was referred to the referee, whose report is made the subject of this review.   The learned referee in his opinion clearly disposes of the contention made, that the written agreement by which Wise should be employed to adjust the matters between the parties was an

arbitration of the questions presented by the complaint and answer. He clearly points out the distinction to be taken between the office of arbitrator and that of Mr. Wise, which he characterizes as that solely of an expert. The judgment entered on his decision might be safely affirmed upon the grounds stated by him; but we think that there is a further reason for it, and that is that, whatever view might have been taken of the written agreement between the parties appointing Wise to look into their matters of controversy, it is apparent—First, that the parties themselves mutually abandoned any effort to carry out the terms of that agreement, for Mr. Wise did not report in accordance with the terms of the stipulation. but made an independent suggestion outside of the same which the parties acquiesced in; secondly, the consent to a reference of the issues presented by the pleadings was a complete abandonment of any claim which might subsequently be made that the stipulation made in June, 1891, worked a discontinuance of the action. Under this order of reference, made by consent in open court, what else could the referee have done except to hear the case upon the merits as presented by the pleadings, and, so hearing, decide it? He had no discretion in the premises. The order of reference necessarily implied that the action had not abated by reason of the written stipulation, but, on the contrary, was in existence, and was to be brought to trial by the parties. For these reasons, therefore, in addition to the cogent discussion of the question given by the learned referee, we think that the judgment appealed from should be affirmed. All concur.