FRANCIS HIGGINS, as Receiver of the NORTH RIVER BANK IN THE CITY OF NEW YORK, Appellant, *v.* JOHN H. STARIN, Respondent, Impleaded with EDWARD E. GEDNEY and Others.

*Stipulation to withdraw an appeal — a party making it under a misapprehension will be relieved therefrom.*

A defendant, who had taken an appeal from an order permitting an amendment of the complaint, through inadvertence failed to serve his appeal papers in time, and upon a motion being made to dismiss the appeal upon that ground, his attorney entered into a stipulation to withdraw the appeal and to allow the plaintiff ten dollars costs, under the mistaken impression that the determination of appeals which had been taken by his co-defendants from the order permitting the amendment of the complaint would have the same effect upon his status as though he had perfected and presented his appeal.

*Held,* that the court had power to relieve him from his stipulation, and that the case was a proper one for the exercise of that power.

VAN BRUNT, P. J., dissented.

APPEAL by the plaintiff, Francis Higgins, as receiver of the North River Bank in the City of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of February, 1899, relieving the defendant, John H. Starin, from a stipulation by which said defendant agreed to withdraw an appeal taken by him from an order made in the action, and relieving him from his default in failing to serve the appeal papers upon said appeal.

*T. C. T. Crain,* for the appellant.

*Benjamin F. Tracy,* for the respondent.

INGRAHAM, J. :

We think this order should be affirmed upon the opinion of the court at Special Term. The only advantage that the respondent seems to have derived from the stipulation was the privilege of paying to the plaintiff ten dollars costs, which was to be offset against certain costs that the plaintiff had been required to pay to the respondent as a condition for the amendment of a complaint, which was allowed by the order appealed from. It is difficult to see upon what principle this privilege of paying to the plaintiff ten dollars costs could be of any advantage to the defendant. The order, therefore, is affirmed, with ten dollars costs and disbursements.

PATTERSON and McLAUGHLIN, JJ., concurred; VAN BRUNT, P. J., dissented.

The following is the opinion of the court at Special Term :
SCOTT, J. :

Of the power of the court to relieve the defendant from the stipulation withdrawing his appeal there cannot be a question. The power has been recognized and enforced in a large number of cases in this State. The only question is whether the power should be exercised in the present case. The action originally was brought in equity for an accounting against the directors of the North River Bank; on February 23, 1898, an order was entered permitting the discontinuance of the action against some of the defendants, and an amendment of the complaint as to others (including Starin) changing the action into one for tort in which about $1,000,000 damages

were claimed upon 110 causes of action. Starin, and certain other defendants, appealed from the order permitting the amendment of the complaint. The attorneys for a defendant other than Starin undertook to prepare the appeal papers, and Starin's attorneys offered to join with them, and furnished a copy of their opposing affidavits to be printed with the other appeal papers. By some oversight or misunderstanding, however, these affidavits were not included among the printed papers on appeal. After the time given by the rules to serve such papers had expired, a motion was made to dismiss Starin's appeal for non-service of papers. Thereupon the stipulation, from which relief is now sought, was entered into whereby the appeal was withdrawn, Starin allowing to the plaintiff ten dollars costs, to be offset against the costs awarded to the defendant by the order amending the complaint. The attorney who entered into this stipulation unquestionably did so in the honest belief that, inasmuch as the action was not severable, the decision of the question involved in the appeal by the other defendants would determine Starin's status as if he had himself perfected and presented his appeal. In this view, as the event proved, he was mistaken. The appeal by the other defendants resulted in a reversal of the order permitting the amendment of the complaint, but when Starin undertook to plead to the original complaint, he was met with the objection that as to him the complaint still stood amended, and upon appeal to the Appellate Division, this objection was held to be well taken. The result is that all the solvent defendants except Starin are required only to meet the original complaint, upon which it seems to be conceded that no recovery can be had. Starin alone, of all the solvent defendants, has to meet the amended complaint upon which, if at all, a recovery can be had. Such a result is manifestly unjust to him. He and the other defendants stand upon the same footing, so far as liability is concerned, and should be replaced upon the same footing, so far as the form of action is concerned, unless some injustice would be done to the plaintiff by so replacing him. I do not think that any such injustice will be done. The parties can be put back in precisely the same place they were in before the stipulation was made. The appeal was taken in good time. The only default was in serving the printed papers, a default against which the court can always relieve a party. The stipulation

did not express in point of fact the real intention of the parties. who entered into it, because, so far at least as Starin's attorneys. were concerned, it was made under a not wholly inexcusable misapprehension as to what the effect of withdrawing the appeal would be. The motion will be granted upon condition that, within twenty days after the entry of the order, the defendant Starin print and serve the papers on appeal, and pay to the plaintiff's attorneys the taxable costs of the action to date. Settle order on notice.

Order affirmed, with ten dollars costs and disbursements.