(60 App. Div. 318.)

MAGNOLIA METAL CO. v. POUND èt al.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

STIPULATION—VACATION.

> After an action had begun, defendant brought suit against plaintiff. Both actions were referred, and a stipulation was entered into, to the effect that a determination of the issues in the other action should be conclusive as to the issues in the action at bar. In the other action defendant recovered judgment on a counterclaim, and in the action at bar, under the stipulation, judgment was rendered for plaintiff. From each judgment appeals were taken to the supreme court. In the other action the judgment was modified by striking out the recovery and dismissing the complaint. In the pending action the judgment was reversed, as no judgment had been recovered in the other action, and, according to the terms of the stipulation, to entitle plaintiff to recover a judgment must have been found in such action. Held that, as neither of the parties making the stipulation had in mind that a recovery could not be had in the other action, the stipulation should be set aside, that the rights of the parties might be determined after a trial had.

Appeal from special term, New York county.

Action by the Magnolia Metal Company against John Lulham Pound, impleaded with others. From an order denying plaintiff's motion to vacate a stipulation, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Alexander S. Bacon, for appellant.
Cephas Brainard, for respondents.

McLAUGHLIN, J. Shortly after this action was begun the defendants brought suit against the plaintiff, and both actions having been referred to a referee to hear and determine the same, and both coming on for trial at the same time, for the purpose of facilitating the trial of this action a stipulation was entered into between the parties to the effect that a determination of the issues in the other action should be "conclusive upon and as to the issues herein." In

the other action this plaintiff (the defendant therein) recovered a judgment of several thousand dollars on a counterclaim. The evidence taken in that action having been considered by the referee, together with the stipulation referred to, he rendered a judgment in this action for the plaintiff. An appeal was taken to this court from each judgment. In the other action the judgment was modified to the extent of striking out the recovery, and in its place inserting a provision dismissing the complaint; and in this action the judgment was reversed, and a new trial ordered, on the ground that it did not appear by the record that a judgment had been recovered in the other action, and, according to the terms of the stipulation, to entitle the plaintiff to recover it was necessary to prove the judgment recovered in the other action. After the appeals had been thus determined, the defendants moved upon the stipulation for judgment absolute in this action. The motion was denied, and thereafter this plaintiff moved to vacate, set aside, and cancel the stipulation. This motion was also denied, and the plaintiff has appealed.

There is no doubt that the court has power to relieve parties from stipulations made during the progress of an action. (Higgins v. Starin, 39 App. Div. 533, 57 N. Y. Supp. 306; Van Nuys v. Titsworth, 57 Hun, 5, 10 N. Y. Supp. 507; Sperb v. Railway Co., 57 Hun, 588, 10 N. Y. Supp. 865); and, where both parties can be restored to substantially their former position, the court, as a general rule, exercises such power if it appears that the stipulation was entered into inadvisedly, or that it would be inequitable to hold the parties to it. Here the defendants have lost nothing by reason of the stipulation, and, if it be set aside, both of the parties will be restored to their former position, and the issues in the action can then be tried in the ordinary way, and a decision rendered on the merits, which cannot be done so long as the stipulation remains in force, and the decision of this court in the other case stands unreversed. To permit the defendants now to enforce the stipulation would prevent the plaintiff ever having a trial of the action, which, under the circumstances, would be very unjust and inequitable to it. What the parties had in mind when the stipulation was made was that the issues in the other action were to be determined upon the merits, and that such determination would practically and effectually determine upon the merits the issues in this one, inasmuch as the evidence would be practically the same in both cases. Neither of the parties then had in mind that a recovery could not be had in the other action for the reason assigned by us on the appeal. This being so, it seems to us that the stipulation should be set aside, upon terms, in order that the rights of the parties may be determined after a trial had, and not by a stipulation inadvisedly entered into by counsel.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, on condition, however, that the appellants pay to the defendant, within 20 days after service of a copy of the order of this court, all of the costs and disbursements of the action after notice of trial, down to and including the trial of it, and, in addition thereto, the costs and disbursements of the appeal from the judgment. All concur.