be ineffective to constitute him a member of the committee from his district, so also would it be ineffective to make him chairman of a committee of which he was not a member. For these reasons, the notice posted by Mr. Cummings cannot be given any effect.

[2] The respondent's counsel also insists that the notice posted by the petitioner and Mr. Earl as members of the town committee is also void. That would undoubtedly be so if the member of the town committee who was appointed chairman thereof had given timely notice of a primary. But section 70 of the election law authorizes the justice to make such order as, under all the facts and circumstances of the case, justice may require. The Democratic electors of the town should not be left without the opportunity to participate in a primary, and, as a majority of the members of the town committee, after the failure of a duly appointed chairman to do so, have taken the responsibility of giving notice of a time and place for holding one on the legally designated primary day, I see no reason why I should not approve the act of such majority in giving such notice.

The prayer of the petitioner should be granted.

Application granted.

---

TURNER v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Special Term, Franklin County. December, 1911.)

1. ARBITRATION AND AWARD (§ 1*)—WHAT CONSTITUTES.

Where, in an action against a railroad company for loss resulting from fires, it was stipulated that the amount of damages should be submitted to appraisers, that either party should be entitled to introduce the findings of the appraisers at the trial of the action, and no other evidence as to damages should be introduced, such stipulation did not provide for an arbitration, nor a submission of a controversy, and the findings were therefore not fatally defective because the appraisers made their award without being sworn.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. § 2; Dec. Dig. § 1.*]

2. STIPULATIONS (§ 13*)—VACATION—PROCEDURE.

Where in an action it was stipulated that the amount of damages suffered should be fixed by appraisers who found the amount thereof, plaintiff was entitled to move in the action to have the stipulation and finding set aside for fraud and gross partiality, and was not bound to institute a separate proceeding for that purpose.

[Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 13.*]

3. REFERENCE (§ 14*)—DETERMINATION OF FACTS.

Where a finding of damages in an action was made by appraisers under stipulation, and plaintiff claimed that the appraisement was fraudulent and unjust, such question should not be determined on ex parte affidavits, but should be submitted to a referee.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 29; Dec. Dig. § 14.*]

Action by Charles H. Turner against the New York Central & Hudson River Railroad Company. Motion by plaintiff to set aside an appraisal of damages pursuant to stipulation. Referred to referee.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Jones, Townsend & Rudd, for the motion.
McClary & Allen, opposed.

J. A. KELLOGG, J.   This action is brought to recover the sum of $420,000 damages alleged to have been sustained to township 9, Macomb's Purchase, Franklin county, owned by plaintiff, on account of fires caused by the negligence of the defendant in the year 1908. The parties to the action entered into a written stipulation under date of August 10, 1911, agreeing to submit the question of damages to each of the lots of the township to a board of appraisers of five persons, two of whom should be appointed by each of the parties to the action, and the fifth of whom was agreed upon, in the person of Mr. William W. Wheeler.   The effect of the findings of the appraisers, as provided for by the stipulation itself, was as follows:

"It is further stipulated that the original findings of such board shall be filed in Franklin county clerk's office on or before the 15th day of July, 1911, and a copy of said findings given to each of the attorneys for the parties to this action, and such findings shall be accepted by the parties hereto as fixing the amount of damages as therein stated in accordance with the terms of this stipulation, and either party shall have the right to introduce such findings upon the trial of this action, and no other evidence of the amount of damages shall be introduced by either party."

[1] The effect of the stipulation therefore was to substitute, in lieu of common-law evidence upon the trial as to amount of damages, the "findings" made by the "board of appraisers," as it was termed by the stipulation.   The stipulation did not provide for any determination of the question of the liability of the defendant.   The time for the filing of the findings was extended, and they were finally executed by Wheeler and the two appraisers appointed by the defendant, under date of October 16, 1911, and filed in the office of the clerk of Franklin county on the following day.

The aggregate of the amounts appraised, as the amount of damage to the various lots, was the sum of $6,145.   The plaintiff now moves to set aside this determination upon the grounds that the appraisers did not act with propriety, that there was fraud and corruption in their findings, that they acted with gross partiality, that they considered matters that should not have been considered in making the determination, and that the amount is grossly inadequate.   Still further, however, the plaintiff claims that the proceeding before the appraisers was, in fact, an arbitration, and that therefore, inasmuch as no oath of office was taken by the arbitrators, their determination, which must be considered as an award, is void.   This position would be undoubtedly tenable and would dispose of the entire matter, if the proceeding under this stipulation is to be considered as an arbitration, as has been held by the Court of Appeals in Hinkle v. Zimmerman, 184 N. Y. 114, 76 N. E. 1080.   In that case the Court of Appeals held that the requirement of section 3269 of the Code of Civil Procedure applied to all forms of arbitration and that the oath required cannot be waived except by written consent of the parties to the submission or their attorneys.   The stipulation was, however, not a "submission of a controversy" as that term is usually understood, and the deter-

mination of the appraisers was not an award. Arbitrations decide the rights of parties and are resorted to in lieu of actions. They are not, ordinarily at least, proceedings in actions such as this proceeding evidently was.

Counsel for plaintiff urges, very strongly, the decision in Day v. Hammond, 57 N. Y. 479, 15 Am. Rep. 522, as an authority upon the question at bar. An examination, however, of that case, shows that, although the stipulation there was made in an action, the effect of the determination of the arbitrators was to finally decide the controversy and did away with all necessity of further progress in the action except by way of entering judgment upon the decision. It was practically a reference to determine the amount due; there being no dispute as to the liability. In the case at bar, however, there exists a condition where the parties have made a stipulation as to the method of proving a certain fact which is material upon the trial, but in which the decision of the appraisers is not conclusive as to the question of liability. It is somewhat similar to those cases where leases and insurance policies provide for the amount of damages to be determined by appraisers, to which the attention of the court has been called by the attorneys for the defendant. Still it differs from these cases materially, in that this is a step taken in an action by stipulation of attorneys, and is not the consequence of an agreement made by parties out of court. It somewhat more approaches the case of Birdsall Co. v. Ayres, 21 N. Y. Supp. 898[1], than any other case which has been cited. In that case the court held that the stipulation was not a submission of the controversy to arbitration, but merely constituted the designated person an expert, whose report as to the condition of the apparatus was to be conclusive at the trial of the action. So, in the case at bar, the appraisers evidently were to report their own opinions as to the values and were in no sense acting as a court or a judicial tribunal to determine the rights and liabilities of parties, after the consideration of evidence.

[2] If gross injustice is to result to the plaintiff from the enforcement of the stipulation, and the parties can be restored to their original positions, the stipulation should be vacated upon such terms as the court may deem just.

It is certainly not necessary, as has been suggested, that another action should be brought to determine the status and effect of a stipulation in this action. The court has ample control over this action in its present condition, and it may herein protect all the rights of the parties. Becker v. Lamont, 13 How. Prac. 23; Barry v. Mutual Life Ins. Co., 53 N. Y. 536; Van Nuys v. Titsworth, 57 Hun, 5, 10 N. Y. Supp. 507; Magnolia Metal Co. v. Pound, 60 App. Div. 318, 70 N. Y. Supp. 230.

The rule as laid down in Van Nuys v. Titsworth, 57 Hun, 7, 10 N. Y. Supp. 507, is as follows:

"Agreements and stipulations made between the parties to a pending action, and relating to its prosecution or discontinuance, are regarded as spe-

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 66 Hun, 635.

cially within the supervision and control of the court, and a wide discretion is exercised in relieving parties from such agreements, even though made upon sufficient consideration, if only both parties can be restored to the same condition as when the agreement was made. It is not necessary in such case to show fraud, deceit, or mutual mistake, overreaching, or undue influence; it is sufficient if it appear that either party has inadvertently, unadvisably, or improvidently entered into an agreement which will take the case out of the due and ordinary course of proceeding in the action and in so doing may work to his prejudice."

In Magnolia Metal Co. v. Pound, supra, Judge McLaughlin, in delivering the unanimous opinion of the court, wrote as follows:

"There is no doubt that the court has power to relieve parties from stipulations made during the progress of an action (Higgins v. Starin, 39 App. Div. 533 [57 N. Y. Supp. 306]; Van Nuys v. Titsworth, 57 Hun, 5 [10 N. Y. Supp. 507]; Sperb v. Metropolitan Elevated Co., 57 Hun, 588, 10 N. Y. Supp. 865), and, where both parties can be restored to substantially their former position, the court, as a general rule, exercises such power if it appears that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it."

The proper remedy is, therefore, by motion, and the plaintiff is entirely regular in his procedure. Evidence in regard to the propriety or good faith of the award would not be pertinent evidence upon the trial of the issues of the action.

[3] There is a very sharp question of fact, however, in the affidavits, and the view of the counsel for the defendant that the matter should not be decided upon ex parte affidavits is of much force. It would be more satisfactory to have the questions which are involved in this motion presented to a referee under the common-law rules of evidence, where the witnesses could be produced, examined, and cross-examined, and the weight of their evidence more satisfactorily determined.

An order of reference will therefore be granted under section 1015 of the Code of Civil Procedure.