ARTHUR G. HUMPHRIES and EDWARD LE VINE, Appellants, *v.* MEYER I. SHAPIRO, Defendant, Impleaded with JOSEPH P. SLENSBY and DAVID M. WOLFF, Respondents.

First Department, April 4, 1919.

**Trial — attorney and client — when stipulation by attorney for discontinuance may be set aside.**

A stipulation authorizing the discontinuance of an action against certain defendants, made by the attorney for the plaintiffs without their knowledge and consent, and without consideration, may be set aside and the order of discontinuance reversed, where nothing has intervened changing the situation or rights of the parties except said order of discontinuance.

APPEAL by the plaintiffs, Arthur G. Humphries and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county

of New York on the 18th day of February, 1919, denying their motion to be relieved from a stipulation discontinuing the action as against the defendants Slensby and Wolff.

*Abraham Rosenstein* of counsel [*Feltenstein & Rosenstein,* attorneys], for the appellants.

*Louis S. Posner* of counsel [*Slensby & Wolff,* attorneys], for the respondents.

CLARKE, P. J.:

This action was commenced in October, 1917. The defendants appeared by Messrs. Slensby & Wolff as their attorneys and issue was joined in December, 1917, by the service of answers of each of the defendants by the same attorneys. The action was brought to recover over $300,000 for the breach of a contract on the part of the defendants in failing to give possession under oral lease made between the plaintiffs and defendants of certain real property which lease was made for a period of one year with the option to renew for a period of four years, the amount claimed being the difference between the rental value and the agreed value. A second cause of action was on the ground of unjust enrichment for the moneys which it was claimed the defendants received from persons to whom the same premises were demised. The answers deny every allegation of the complaint.

Mr. Rosenstein, one of the attorneys for the plaintiffs, states in his affidavit that shortly after the service of the complaint the plaintiff Le Vine had requested of plaintiffs' attorneys that his private attorney, George M. Levy, of Freeport, L. I., be consulted in respect to the various steps to be taken in the cause and that the said Le Vine would be guided by the said Levy's advice. He further states that numerous requests were made by Mr. Wolff of Slensby & Wolff, two of the defendants, and who appeared for all three, for a discontinuance as against Slensby and Wolff and that about January 16, 1919, he received a stipulation of discontinuance as to the said Slensby and Wolff which he signed and returned to them; that in the latter part of January he started to prepare the case for trial and called the attention

of the plaintiffs to the fact that he had signed the aforesaid discontinuance; that Mr. Le Vine inquired whether his private counsel, Mr. Levy, had been consulted about the matter, and deponent stated that he had entirely overlooked the promise he made to keep said Levy informed of the various steps, and that the plaintiffs insist that the action continue against all defendants as the agreement was made with all three; that deponent in order to secure relief from the stipulation of discontinuance, that he had made without his client's knowledge and consent, repeatedly requested such relief which was refused; that the said discontinuance was without consideration; that no release or any instrument of acceptance or any other instrument of a like or similar nature was signed and that the stipulation was signed solely through inadvertence and inadvisedly and that it would be inequitable to hold plaintiffs thereto. Wherefore he asks that the court relieve plaintiffs from said stipulation and set aside the order of discontinuance based thereon.

While it is true that in all that properly relates to the conduct of a trial, the attorney represents the party, and is his authorized agent and the attorney's agreement and stipulation, within the boundaries of that authority, is the agreement and stipulation of the client and binds the latter as if he himself had personally made it (*Mark* v. *City of Buffalo,* 87 N. Y. 188), it is also true that the courts have the power to relieve parties of their stipulations, and orders entered thereon, in proper cases.

In *Van Nuys* v. *Titsworth* (57 Hun, 5), where a plaintiff himself had entered into a stipulation settling the matters in controversy, the court said: " Agreements and stipulations made between the parties to a pending action, and relating to its prosecution or discontinuance, are regarded as specially within the supervision and control of the court, and a wide discretion is exercised in relieving parties from such agreements, even though made upon sufficient consideration, if only both parties can be restored to the same condition as when the agreement was made. It is not necessary in such case to show fraud, deceit, or mutual mistake, overreaching or undue influence; it is sufficient if it appear that either party has inadvertently, unadvisably or improvidently entered

into an agreement which will take the case out of the due and ordinary course of proceeding in the action, and in so doing may work to his prejudice."

This court said in *Magnolia Metal Co.* v. *Pound* (60 App. Div. 318): "There is no doubt that the court has power to relieve parties from stipulations made during the progress of an action (*Higgins* v. *Starin,* 39 App. Div. 533; *Van Nuys* v. *Titsworth,* 57 Hun, 5; *Sperb* v. *Metropolitan Elevated R. Co.,* Id. 588; S. C., 10 N. Y. Supp. 865), and where both parties can be restored to substantially their former position the court, as a general rule, exercises such power if it appears that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it. Here, the defendants have lost nothing by reason of the stipulation, and if it be set aside both of the parties will be restored to their former position and the issues in the action can then be tried in the ordinary way and a decision rendered on the merits, which cannot be done so long as the stipulation remains in force."

Here we have a stipulation not made by the parties plaintiff or with their knowledge and consent, but by their attorney, and prompt action taken to be relieved therefrom, said stipulation having been given without consideration and nothing having intervened which in any respect changed the situation or the rights of the parties, save the order of discontinuance entered upon said stipulation. It is inconceivable to me that a court of justice under such circumstances will hold a party to a stipulation made by his attorney.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

LAUGHLIN, PAGE, SHEARN and MERRELL, JJ., concurred

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.