FANNIE WILLIAMS, Respondent, *v.* HAMILTON FIRE INSURANCE COMPANY, Appellant.

Supreme Court, Appellate Term, Second Department, June, 1922.

**Insurance — policy covering automobile against damages from collision — agreement for an appraisement not an arbitration — parties bound by appraisal — when appraisal not a condition precedent to right to recover — Arbitration Law not applicable.**

An agreement to submit a question of damages to appraisers is not an agreement to submit to arbitration.

A policy insuring plaintiff's automobile against damages resulting from collision provided that before any recovery could be had thereunder, any disagreement as to the amount of loss or damage must be determined by competent and disinterested appraisers, and also that an appraisal should be had only when required.   The complaint in an action for damages resulting from two collisions did not allege any appraisal but the answer pleaded that there had been appraisals and the damages fixed at a sum stated.   At the trial the defendant, upon its claim that plaintiff's damages could be only the sums fixed by the appraisers, proved that the parties had entered into an agreement by which an appraiser chosen by each of them and an umpire were appointed under the policy and that two of them had signed the awards.   The return on appeal from a judgment in favor of plaintiff for a much larger sum than the amount fixed by the appraisers contained an offer of judgment for the amount of the awards executed on behalf of the defendant.   Upon reducing the judgment appealed from to the amount stated in defendant's offer of judgment and as so modified affirming the same, *held*, that under the provisions of the policy an appraisal was not a condition precedent to the plaintiff's right to recover.

When the parties agreed to the appointment of appraisers they signed papers called non-waiver agreements, which in part provided that any action taken by either the plaintiff or the defendant to ascertain the amount of loss by appraisal or otherwise should not be construed " as a waiver of any of the rights to this agreement which do now or may hereafter exist, under the said policy of insurance or be taken as an admission or denial of any liability under said policy by reason of the alleged loss, claim for which is made." *Held*, that said agreements meant that the question of liability should not be affected thereby.

The trial court did not find nor did the record on appeal justify a finding that the awards had been procured by any improper means, but the judgment appealed from was based upon a holding that the appointment of the appraisers came within the Arbitration Law (Laws of 1920, chap. 275), and as the provisions thereof relating to arbitration had not been complied with, the awards were not binding. *Held,* that said statute which is merely intended to give vitality to arbitration agreements in no way affected the question considered herein.

APPEAL from a judgment in favor of the plaintiff entered in the Municipal Court, city of New York, first district, borough of Richmond.

*F. Campbell Jeffery* (*George Richards,* of counsel), for appellant.

*Isidor Bregoff* (*Joseph B. Handy,* of counsel), for respondent.

CROPSEY, J. Plaintiff has a judgment upon a policy insuring her automobile against damages resulting from collision. Upon the trial defendant conceded its liability, contested only the amount of the damage, claiming that the plaintiff's damages could be only the sums fixed by the appraisers. There had been two collisions and hence two awards. The trial court held against the defendant's contention, and the plaintiff has recovered a much larger sum than the amounts fixed by the appraisals.

The policy was issued May 29, 1920. By its terms the defendant was to be liable only for the actual cost of repairing the damage done. The policy provided: " In the event of disagreement as to the amount of loss or damage the same must be determined by competent and disinterested appraisers before recovery can be had hereunder."

Provision is then made for the selection of appraisers and an umpire, the award of any two determining the amount of the damage. The following provision is also in the policy: " This Company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for; and the sum for which this Compnay is liable, pursuant to this policy, shall be payable sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required, have been received by this Company, including an award by appraisers when appraisal is required hereunder."

The complaint does not allege any appraisal. The answer sets forth that there have been appraisals and that the damages thereby have been fixed at a sum stated. The return contains an offer of judgment for that amount, executed on behalf of defendant.

Defendant's first point is that under the policy an appraisal was a condition precedent to the right of plaintiff to recover. The policy does say that if there is a disagreement as to the amount

of damage it must be determined by appraisers " before recovery can be had." But the policy, as its provision already quoted shows, also suggests that an appraisal shall be had only when required. Under language almost similar the Court of Appeals has held that an appraisal is not a condition precedent to the plaintiff's right to recover. *Chainless Cycle Mfg. Co.* v. *Security Ins. Co.,* 169 N. Y. 304, 310. See, also, *Wilbisky* v. *German Alliance Ins. Co.,* 90 Misc. Rep. 335.

Defendant proved that the parties had entered into an agreement by which appraisers and an umpire were appointed under the policy and that two of them had signed awards. Plaintiff contends the awards are not binding because the appraisers were not sworn and the proceedings were not conducted in accordance with the provisions of the Code of Civil Procedure (§§ 2366, 2368, 2369). Those sections, and others, relate to arbitrations. Defendant's claim is that appraisers, appointed merely to determine the amount of damage, are not arbitrators, and hence the provisions of the Code of Civil Procedure do not apply. If the submission of the question of damage to these appraisers constituted an arbitration, then the awards are not binding. If it was not an arbitration, they are binding and conclusive upon the question of damage, in the absence of fraud. *Steinberg* v. *Boston Ins. Co.,* 144 App. Div. 110, 112. The question is squarely presented: " Is the clause in the policy providing for the appointment of appraisers in effect a provision calling for an arbitration? " And the consideration of that question involves this further one: " Can there be any agreement by which a method is provided for determining any fact in a controversy outside of court which does not amount to an arbitration? "

Here but one matter was submitted to the appraisers and that was the amount of the damage. They had no authority to pass upon the question of liability. If there can be any submission which is not an arbitration, it would seem that such a submission as this would be one. The rule very generally stated is that the appointment of appraisers to determine merely the amount of damage is not a submission to arbitration. 2 R. C. L. tit. " Arbitration & Award," § 2, pp. 351, 352; 14 id. tit. " Insurance," § 525, p. 1354. See, also, cases collected in note 47 L. R. A. (N. S.) 381–387.

In *Garr* v. *Gomez,* 9 Wend. 649, Senator Seward said (p. 661): " A distinction is justly made between the reference of a collateral or incidental matter of appraisement or calculation, the decision of which is conclusive of nothing as to the rights of the parties, except the mere appraisal or statement and a submission of matters

in controversy for the purpose of final determination. * * * a reference of a collateral fact, or the submission of a particular question forming only a link in the chain of evidence, is not calculated to put an end to the controversy; it barely substitutes the judgment of the referee in the place of evidence * * * on that incidental or collateral matter, leaving the controversy open. Such a decision is not an award, and a reference of such a matter is not a submission to arbitration."

And in *Toledo S. S. Co.* v. *Zenith Transp. Co.*, 184 Fed. Rep. 391, the court said (p. 401): " It has been frequently decided that an agreement to submit to the decision of others a question involving only calculation or appraisement or the fixing of values, and the like, or something ministerial in character, does not constitute an arbitration under the strict rules of the common law. The distinction between the submission of such a question and one involving judicial functions is of vital importance, because the latter may be revoked at common law, while the former cannot be."

And in *Insurance Co.* v. *Ries*, 80 Ohio St. 272, the court said: " The distinction between an agreement for appraisement and an agreement to submit to arbitration may not always be plain. But when the question of the liability of the company under the policy, and every other question is reserved, and the only submission provided for is an appraisal of the property at and after the time of the fire to determine the single question of the amount of the loss, it would seem to be an agreement for an appraisement and not an arbitration."

There are a number of other authorities in this state which accept the distinction pointed out in the cases cited and which hold that an agreement to submit the question of damage to appraisers is not an agreement to submit to arbitration. In *Strome* v. *London Assurance Corp.*, 20 App. Div. 571, Willard Bartlett, J., writing for the court, said (p. 572): " The appraisement and estimate under the New York standard policy of fire insurance is not the same proceeding as an arbitration and award at common law or under the Code."

In *Brink* v. *New Amsterdam Fire Insurance Co.*, 5 Robt. 104, the appointment of appraisers to fix the amount of damage under an insurance policy was held not to be a submission to arbitration. In that case the court said (p. 123): " There is scarcely a day in which, in commercial transactions, the valuation of property or estimate of damages is not entrusted to third parties, and no one has yet dreamed of looking upon them as arbitrations, and subjected to all the formalities imposed on them by the Revised Statutes

(2 R. S. [1829] 541, Secs. 1–25, *Bulson* v. *Lohnes*, 29 N. Y. 291);
with the paraphernalia of oaths, witnesses and notices of trial."
There were similar holdings in *Fleming* v. *Phœnix Assurance Co.*,
75 Hun, 530; *Townsend* v. *Greenwich Insurance Co.*, 86 App. Div.
323; affd., 178 N. Y. 634; *American Steel Co.* v. *German-American
Fire Ins. Co.*, 187 Fed. Rep. 730; *Freeman* v. *Ralph Realty Corporation*, N. Y. L. J. June 1, 1922.

The courts have always recognized that all agreements to submit
to third persons the decision of questions do not necessarily constitute arbitrations.    So it has been held not to be an arbitration
where the parties had agreed that some questions should be
determined, and had made their determination a condition precedent to the bringing of any action.    *Pres't, etc., D. & H. Canal
Co.* v. *Pa. Coal Co.*, 50 N. Y. 250; *Wyckoff* v. *Woarms*, 118
App. Div. 699, 708; *Nat. Contracting Co.* v. *Hudson R. W. P. Co.*,
170 N. Y. 439; *Molloy* v. *Village of Briarcliff Manor*, 145 App.
Div. 483.    There is also the class of cases in which the price
of goods sold, or the quantity of work done, is to be determined by a reference to a third person.    These have been held
not to be arbitrations.    Some of the courts, however, have said
that was because there was no controversy existing.    But even
where there was a controversy on such a point, it has been held
the submission of the question was not an arbitration.    *Wurster* v.
*Armfield*, 175 N. Y. 256, 264.    In the case just cited a lease provided for a renewal at a rental to be agreed upon, and in the event
of the parties failing to agree, the rent was to be fixed by appraisers.
The parties could not agree and there was an appraisal as provided.
The appraisers did not take the oath mentioned in section 2369
of the Code of Civil Procedure and did not comply with other provisions thereof.    The Court of Appeals said those sections did not
apply to such a matter, saying (p. 264): "But we are of the opinion
that the appraisal in this case was not a submission of a controversy
to arbitration within the meaning of those provisions, but, instead,
it was an appraisal made under the provisions of the contract for
the purpose of fixing the amount that should be paid by the tenant
and included in his contract."    And in so stating the court, in
effect, ruled that the submission of the question to appraisers was
not an arbitration either under the Code of Civil Procedure or at
common law, for it held that an oath was not necessary, and all
arbitrators, whether appointed under the provisions of the Code
or of the common law, must take an oath.    Code Civ. Pro. § 2369;
*Hinkle* v. *Zimmerman*, 184 N. Y. 114.

In *Turner* v. *New York Central & H. R. R. R. Co.*, 74 Misc.
Rep. 524, the stipulation submitting the question of the amount

of damage, but not the question of liability, to appraisers, was held not to be an arbitration, and the appraisers were not required to take an oath. The submission there was made while an action was pending. Plaintiff would distinguish this case upon that ground. But it does not seem clear to us that that fact should determine whether or not a submission constitutes an arbitration. In the cited case the attorneys for the parties stipulated that the damages might be fixed by appraisers. Had the same attorneys stipulated that third persons should decide the entire controversy between the litigants such a stipulation would have been deemed a submission to arbitration just as a similar agreement, entered into by the parties themselves, would have been classified. We do not see that it is material whether the submission is agreed to by the parties, or by their attorneys, or whether it is made before an action is begun, or while it is pending.

Plaintiff cites no authorities to controvert the holding in the cases already mentioned. Her sole contention is that they are no longer applicable because of the enactment of the Arbitration Law (Laws of 1920, chap. 275). It is a fact that that law was enacted and took effect before the policy in question was written. But has it any effect upon the question under discussion? Long before this law was passed, the Code of Civil Procedure contained provisions relating to arbitration. Most of them in turn had been taken from the Revised Statutes. Except in some respects which in no way affect this question, those sections of the Code of Civil Procedure remain unchanged. Indeed, by section 8 of the Arbitration Law, all the sections of the Code of Civil Procedure dealing with arbitrations (§§ 2365-2386), with the exception of three sections (2383-2385), which were repealed, and which have no bearing upon this question, were made applicable to arbitration agreements under the Arbitration Law so far as they were practicable and consistent therewith.

We find nothing in the Arbitration Law that broadens the scope of an arbitration, or that defines it differently than the courts had theretofore defined it — nothing that makes agreements to determine certain facts arbitrations if they were not such prior to that law's enactment. That law was intended merely to give vitality to arbitration agreements. Prior to its enactment such agreements had been held to be revocable. By section 2 of that act it is provided that " A provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract, or a submission hereafter entered into of an existing controversy to arbitration pursuant to title eight of chapter seventeen of the code of civil procedure [or article 83 of the Civil Practice

Act], shall be valid, enforcible and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." The object of the law seems to be to encourage arbitrations by preventing the revocation of agreements calling for them. And as the Court of Appeals has upheld the constitutionality of the act (*Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261) that will now be the result. We, therefore, conclude that the Arbitration Law in no way affects the question we are considering and that the former holdings that appraisers are not arbitrators should be followed.

But plaintiff claims further that the awards of the appraisers are not binding because of the language of certain agreements that were signed by the parties. When the parties agreed to appoint the appraisers they signed papers called non-waiver agreements. These provided in part that any action taken, by either the company or the insured, to ascertain the amount of loss by appraisal or otherwise should not be construed " as a waiver of any of the rights to this agreement which do now or may hereafter exist, under the said policy of insurance or be taken as an admission or denial of any liability under said policy by reason of the alleged loss, claim for which is made." Plaintiff argues that this language shows that the appraisals were not to be binding and that the right of the plaintiff to sue for the amount of the damages she claimed to have sustained was reserved thereby. We do not think the agreements permit of this construction. We think they mean that the question of liability shall not be affected thereby. To hold as plaintiff argues would be to constitute the appraisals an empty ceremony. It would mean that the awards were not to be binding and that no purpose could be accomplished by them. Plaintiff says the appraisals were to be informal for the purpose of seeing if the parties could not get together on a settlement or compromise. But the policy says that the appraisal shall *determine* the amount of the damage. It is not merely to be informal, but is to settle the amount of the damages. We find nothing in the non-waiver agreements to indicate that the parties intended them to have any different effect. This contention of the plaintiff would be equally potent if in fact the appraisers had taken the oath, and all the proceedings connected with their appraisals had been in exact conformity with the provisions of the Code of Civil Procedure relating to arbitrations. For her claim is that because of the language of the non-waiver agreements, no matter what was done by the appraisers and no matter in what manner it was done, it was not binding and did not determine anything. We cannot agree with that contention.

The decision below, as the opinion there rendered shows, was based upon the holding that the appointment of the appraisers came within the provisions of the Arbitration Law, and as the provisions relating to arbitrations had not been complied with, the awards were not binding. The trial court did not find that the awards in question had been procured by any improper means. The record would not justify such a finding. The fact that the awards were for a much smaller sum than the damages which the plaintiff proved is accounted for by the testimony. That shows that the appraisers did not consider that all the damage done to the machine was caused by the collisions in question, but that some of it came from other causes not covered by the policy. The awards were signed by the umpire and the appraiser selected by the plaintiff. It is said that the appraiser selected by the defendant thought the awards too high and so did not sign them. Upon the trial the appraiser selected by the plaintiff, while admitting that he had signed the awards and that he was not forced or compelled to do so, said he did not think they represented the amount of damage to which the plaintiff was entitled and that he signed them only because he believed that under the language of the non-waiver agreements, the plaintiff would not be bound by them. This is a wholly insufficient reason for avoiding an award and one which cannot be accepted. An appraiser is in practically the same situation as a juror, and should not be heard to impeach his own decision. There was no proof of fraud and no evidence which would justify setting aside the awards.

It, therefore, follows that the judgment must be reduced to the amount of the awards, with appropriate costs in the court below, and, as so modified, be affirmed, without costs of this appeal.

LAZANSKY and FABER, JJ., concur.

Judgment modified.