JEAN ALBERT TAUZIEDE et al., Appellants, *v.* FRANCOIS HENRY JUMEL et al., Respondents.

(Argued April 22, 1892; decided May 3, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 12, 1891, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

This action was brought to procure a sale of certain real estate in the city of New York, held by the defendant John Elliott in trust for the heirs of Stephen Jumel and for a distribution of the proceeds thereof.

The following is the opinion in full:

"In the action brought by Chester against Francois Henry Jumel and others (125 N. Y. 123), one of the principal questions was whether the percentages and interests of DeChambrun and these respondents claiming under him should be computed on the basis, $152,525.43, or of $340,000, and it was held that they were to be computed upon the latter sum. That action was commenced before this, and all the parties to this action were parties to that, except the plaintiff Holt. Subsequently to the commencement of that action, Holt took conveyances of interests in the property in controversy from the plaintiff Tauziede and the defendant Tauziede, and thereafter he commenced this action, wherein he prayed judgment that the defendant Elliott be directed to sell the real estate held by him in trust, and that the proceeds of the sale be divided among the parties to the action according to their respective interests. In that action there was an interlocutory judgment directing a sale of the real estate, and in pursuance of that judgment

he sold the real estate for $340,000. Upon the final trial of the action, it was held, following the decision in the *Chester* case, that the interests of these respondents should be computed upon the basis of $340,000. Upon this appeal, the sole complaint of the plaintiffs is that the computation of the interests was made upon an erroneous basis, and that it should have been made upon the basis of $152,525.43. As it does not appear that the complaint in the Chester action had been filed at the time of the conveyances to Holt, the *lis pendens* in that action was inoperative as notice to him of the pendency of that action, and, therefore, the judgment in that action does not estop and bind him as if he were a party thereto. But the judgment in that action binds all the parties thereto including the plaintiff Tauziede.

" We are also of the opinion that the decision made in that action should, as authority, control the decision of this as to Holt. That decision upon the question referred to was based upon the written agreements between the parties and their relations to each other and to the property, and taking all those matters into consideration the court in that action reached the conclusion that the sum of $340,000 was to be taken on the basis of the computation of the interest of the parties. Here the same undisputed facts were before the court in this action, and it cannot be said now that there was error in reaching the same conclusion. It is not of much importance what the precise allegations in the pleadings in these actions were, or what particular name was given to the interests of these parties in the real estate and the proceds thereof to be divided. The undisputed facts are before the court, and upon them in this as upon the prior action, the acts of the parties must be determined. We cannot yield to the contention of the plaintiffs in this action without overruling our prior decision upon substantially the same facts, and we are not disposed to do that and see no reason to do it.

" The judgment should be affirmed, with costs."

*John J. Macklin* for appellants.

*Edward Winslow Paige* for respondents.

EARL, Ch. J., reads for affirmance.
All concur.
Judgment affirmed. _____