JEAN ALBERT TAUZIEDE et al. *v.* FRANCOIS HENRY JUMEL et al., FRANCES A. GESNER, Appellant, and GEORGE J. SCHERMERHORN et al., Respondents.

Upon motion to dismiss an appeal to the General Term in this action, an order was made granting the motion, unless G., the appellant, would stipulate that she would abide the event of an appeal in another action then pending, to which she was a party; she gave the required stipulation. Upon the appeal in the other action the judgment was modified so as to be more favorable to G., and thereupon the judgment herein was modified in the same way. Upon appeal to this court in the other action the order directing the modification was reversed and the original judgment affirmed. Thereafter a motion was made at General Term by the respondents herein for a reargument of the appeal in that court. The motion was granted, and upon the hearing the original judgment was affirmed. The order of General Term allowing respondents to bring the case to argument notwithstanding the stipulation was not appealed from. Upon appeal to this court from the judgment the appellant claimed a violation of the stipulation. *Held,* untenable; that the alleged error, if any, was in the making of said order, and as this did not enter into the judgment it could not be reviewed on appeal therefrom, but only on appeal from the order itself; also that the jurisdiction of the General Term given by the appeal from the judgment was not lost by the stipulation, and assuming the stipulation was intended to apply only to the decision of the General Term in the other case, not to the ultimate decision in this court, it was still within the power of the General Term after this court had passed upon the questions in the other case to relieve the parties from the stipulation and order the case to be argued and disposed of in accordance with the law as finally determined in the other action.

(Argued May 1, 1893; decided June 6, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 17, 1891, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

This action was brought to obtain a sale of certain real estate and the disposition of the proceeds.

The facts, so far as material, are stated in the opinion.

*David Thornton* for appellant. The stipulation made in pursuance of, and in compliance with the order, was binding upon both parties — Mrs. Gesner by making it, and the respondents by entering the order requiring it and their acceptances of it by voluntarily, *upon their own motion,* entering the judgment of May 24, 1889, in conformity with the decision made by the General Term, and judgment thereon entered in the Chester action. The stipulation thus became a contract between the parties. (*White* v. *Bogart,* 73 N. Y. 256; *People* v. *Dennison,* 84 id. 232; *Davies* v. *Mayor, etc.,* 93 id. 250; *Robinson* v. *Marks,* 19 Hun, 325; *People* v. *Bowe,* 81 N. Y. 45.) The judgment entered May 24, 1889, was final between the parties. It put an end to the action as between those stipulating, and was binding upon the parties. (*Smith* v. *Smith,* 79 N. Y. 634; *Perry* v. *Dickerson,* 85 id. 345; *Jordan* v. *Van Epps,* Id. 427; *Palmer* v. *Hussey,* 87 id. 303; *Leavitt* v. *Wolcott,* 95 id. 212; *Ross* v. *Wood,* 70 id. 8; *Stillwell* v. *Carpenter,* 59 id. 423; *Mayor, etc.,* v. *Brady,* 115 id. 599; *Stannard* v. *Hubbell,* 123 id. 131; *Murphy* v. *Spalding,* 46 id. 556.) The General Term erred in granting the motion for a reargument of the appeal to that court. (*Vanderbilt* v. *Schreyer,* 81 N. Y. 678; Code Civ. Pro. §§ 724, 1282, 1290; *Genet* v. *D. & H. C. Co.,* 113 N. Y. 472; Freeman on Judg. § 70; *Stannard* v. *Hubbell,* 123 N. Y. 527.) Conclusions of law will be reviewed when it appears from facts found that they are erroneous. (*Tomlinson* v. *Mayor, etc.,* 44 N. Y. 601; *Stoddard* v. *Whitney,* 46 id. 627.) Where the findings are contradictory, or inconsistent, those must be applied which are most favorable to the defendant party in aid of his exceptions. (*Schwinger* v. *Raymond,* 83 N. Y. 192; *Bennett* v. *Griswold,* 89 id. 122; *Tompkins* v. *Lee,* 59 id. 662; *Corbin* v. *Gordon,* 12 Wkly. Dig. 570; *Conselyea* v. *Blanchard,* 103 N. Y. 231; *Redfield* v. *Redfield,* 110 id. 671; *Green* v. *Roworth,* 113 id. 462.)

*Edward Winslow Paige,* for respondent. As both the appellant and respondents were parties to *Chester* v. *Jumel*

the judgment in that action is conclusive. (*Tauziede v. Jumel*, 133 N. Y. 614.)

O'BRIEN, J. The defendant, Frances A. Gesner, is the only party who appeals from the judgment in this case. She seeks a review here of the action of the courts below in the distribution of the proceeds of certain real estate in the city of New York, in which she had an interest. The appellant was a party to the suit of *Chester* v. *Jumel* (125 N. Y. 237), in which case the principle upon which such distribution should be made was decided, and the judgment in this case is in accordance with the decision of this court in that case. This judgment has been before the court upon the appeal of the plaintiffs and has been affirmed. (*Tauziede* v. *Jumel*, 133 N. Y. 614.) This case upon the merits is governed by the decisions above referred to, unless the stipulation, which is now to be referred to, controls. It appears that the appeals from the judgment of the Special Term to the General Term, in this and the *Chester* case, were progressing side by side when, in January, 1889, a motion was made to dismiss the appeal in this case. On that motion the court made an order that, unless the appellant Gesner stipulated within ten days that she would abide the event of the appeal in the *Chester* case, to which she was a party, the appeal in this case should be and was thereby dismissed. The appellant complied with that order and gave the stipulation. The appeal in the *Chester* case was thereafter decided by the General Term, and the judgment of the Special Term modified in such a way as to be more favorable to Mrs. Gesner. The plaintiffs and respondents then voluntarily entered a judgment modifying the original judgment in this case in the same way and in accordance with the decision, but, upon an appeal to this court in the *Chester* case, the modification ordered by the General Term was reversed and the original judgment affirmed. Thereafter a motion was made to the General Term by the respondents in the appeal from the judgment in this case for a reargument of the appeal in that court. This motion was opposed, but

granted, and upon the hearing the judgment of the Special Term was affirmed, and in this way Mrs. Gesner lost the benefit of the modification by the General Term in the *Chester* case, which she claims was secured to her by the stipulation, notwithstanding the reversal of that modification in this court. The violation of the stipulation is now urged by her counsel as ground of reversal of the judgment appealed from.

There are, we think, two answers to this contention :

1. The order of the General Term which allowed the respondents to bring the case to argument, notwithstanding the stipulation, has not been appealed from. It was in making that order that the alleged error was committed, if at all. It does not enter into the judgment and cannot be reviewed on appeal from it. That order, in effect, relieved the respondents from the stipulation and vacated it, and cleared the way · for the application to the case of the decision of this court in the *Chester* case. It put the case before the court for a hearing in the same way as if the stipulation had not been made, and if that order violated any legal right or, without power, revived an appeal which, as matter of law, had been terminated by the act of the parties themselves, it was reviewable.

2. The appeal from the judgment of the trial court gave the General Term jurisdiction which was not lost by the stipulation. That simply provided that the appeal then pending should be decided in the same way as the appeal in the *Chester* case. But the court did not lose control of the case. Assuming that this stipulation was to abide the decision of the General Term in the *Chester* case, and that it was not intended to apply to the ultimate decision of the appeal in this court, it was within the power of the General Term, after this court had passed upon the questions in the *Chester* case, to relieve the parties, or any of them, from the stipulation and order the case to be argued and then apply the principle of distribution decided by this court to be the correct one. At best it was but a stipulation in an action that the parties would abide · the result of a future decision in another case which, when made, was thought to be in some respects

erroneous. The court had the power then, in the exercise of a sound discretion, to modify or vacate the stipulation, and upon a hearing of the appeal to apply the law as finally determined in the other case. That, in effect, was what was done in the case at bar, and as it touched no legal right which the party had, the judgment should be affirmed.

All concur.

Judgment affirmed.