THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN F. TAPPIN, Appellant, *v.* JAMES C. CROPSEY, as Police Commissioner of the City of New York, Respondent.

Second Department, January 12, 1917.

Certiorari — writ to review dismissal of police officer, city of New York — stipulation discontinuing writ on reinstatement of relator — subsequent suspension without pay — stipulation of discontinuance set aside — powers of Appellate Division.

Where a police officer, having been dismissed the police force of the city of New York and having obtained a writ of certiorari to review his dismissal, was reinstated before the hearing pursuant to section 1543a of

the city charter, and thereupon stipulated for a discontinuance of the certiorari and a quashal of the writ, but later was given a leave of absence without pay pending a determination as to the validity of a municipal ordinance which authorized a rehearing upon which he had been reinstated after a second dismissal based upon a judicial determination that his first reinstatement was illegal, he is entitled to be relieved from his stipulation discontinuing the certiorari and is entitled to a hearing on the writ.

When it appears that a stipulation was entered into inadvisedly and an enforcement would be inequitable, the court will relieve one party when both parties can be restored to substantially their former position.

Application for the relief aforesaid may be made to the Appellate Division.

APPEAL by the relator, John F. Tappin, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 20th day of July, 1914, denying his motion to vacate an order discontinuing certiorari proceedings.

*Harry Crone,* for the appellant.

*Thomas F. Magner* [*Lamar Hardy, Corporation Counsel,* and *Edward A. Freshman* with him on the brief], for the respondent.

JENKS, P. J.:

The relator, when dismissed the police force of the city of New York, obtained a writ of certiorari, to which return was made. Before further proceedings he was in July, 1911, reinstated pursuant to section 1543a of the Greater New York charter. He entered upon his office and discharged its duties. Later, his counsel signed a stipulation, presented to him by the corporation counsel, for a discontinuance of the certiorari and a quashal of the writ, and upon such stipulation an order was entered at Special Term. Later, the Supreme Court, in a taxpayer's action, decided that the reinstatement was illegal. Then an ordinance was passed that afforded a rehearing. Upon such rehearing the relator was reinstated again. Subsequently the relator was informed by the present commissioner of police that, as the validity of the ordinance was questioned, his salary would be withheld, and that he would be granted

a leave of absence without pay.   The relator thereafter moved the Special Term to vacate the order that discontinues the certiorari and quashes the writ.   This motion was denied and the relator appealed.

I think that the order should be reversed and that the motion should be granted.   The relator executed the stipulation presented by the corporation counsel in reliance of a reinstatement that had not been, and was not then, challenged or questioned. It seems but just that he should have a hearing on the writ, which he only abandoned when the city authorities in effect granted to him all that he could have secured by successful prosecution of that remedy.

I find authority for our decision in *People ex rel. Brady* v. *Cropsey* (165 App. Div. 916), the per curiam memorandum in which is not reported.   The right to relief does not depend upon strict rules of law.   (*Sperb* v. *Met. El. R. Co.*, 10 N. Y. Supp. 865, 866; affd., 123 N. Y. 659.)   When it appears that a stipulation was entered into inadvisedly and enforcement would be inequitable, the court will relieve one party when both parties can be restored to substantially their former position.   (*Magnolia Metal Co.* v. *Pound*, 60 App. Div. 318; *Van Nuys* v. *Titsworth*, 57 Hun, 5.)

The plight of the respondent in the certiorari proceedings need be nothing more than that described by the remark of Lord LYNDHURST in *Furnival* v. *Bogle* (4 Russ. 142, 149), quoted in *Van Nuys' Case* (*supra*), while they " will lose the benefit of the order, they will not lose any advantage which the merits of their case entitle them to."

It is true that there has been delay in seeking the relief now invoked.   But this is not fatal to the application, and the condition hereinafter indicated will cure somewhat the consequences thereof.   On the other hand, the relator cannot now sue out a new writ.   The condition is that the relator must waive his right to any salary from the time of his laying off by Mr. Commissioner Woods.

The practice in this case is approved in *People ex rel. McNeary* v. *MacLean* (64 Hun, 205) and *People ex rel. Syperrek* v. *McAdoo* (125 App. Div. 675).   There is also authority that

recognizes an application to this branch of the court. (*People ex rel. Joline* v. *Willcox,* 129 App. Div. 267.)

The order is reversed, with ten dollars costs and disbursements, and the motion is granted, without costs.

THOMAS, STAPLETON, MILLS and PUTNAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs.