JOHN NASIOS, Appellant, Respondent, *v.* KEREACOS P. CONTOM-PASIS, Respondent, Appellant.

Third Department, November 18, 1932.

*Leary & Fullerton* [*James A. Leary* and *Thomas J. Barrett* of counsel], for the plaintiff.

*Fryer & Lewis* [*Charles G. Fryer* of counsel], for the defendant.

PER CURIAM. This is a negligence action. The jury rendered a verdict of no cause of action. Plaintiff moved to set aside the verdict and for a new trial under section 549 of the Civil Practice Act. With the proof as it stood at the time, this motion was properly denied and the order should be affirmed.

The plaintiff thereafter procured an order to show cause why plaintiff should not be relieved from a stipulation entered into upon the trial and why an order should not be granted setting aside the verdict and granting a new trial upon the ground that the verdict is against the weight of evidence, contrary to the evidence and contrary to law.

Section 552 of the Civil Practice Act, so far as applicable, provides as follows: " In a case not specified in the last three sections, a motion for a new trial must be heard and decided, in the first instance, at the Special Term. But where it is founded upon an allegation of error, in a finding of fact, or ruling upon the law, made by the judge upon the trial, it cannot be made unless notice therefor be given before the expiration of the time within which an appeal can be taken from the judgment, * * *." The defendant took a preliminary objection at the hearing and moved to vacate the order to show cause on the ground that the time for appealing from the judgment had expired before the order to show cause was procured. This limitation has no application because the order was not based upon error in a finding of fact or ruling upon the law made by the judge upon the trial. This objection was properly overruled.

After denying the motion to vacate the order to show cause, the order appealed from provides further:

" Ordered, that plaintiff's motion to be relieved from the stipulation as to the distance that defendant's automobile traveled after it began its abnormal vibrating movements, be and the same is hereby granted; and it is

" Ordered, that the judgment entered herein on January 28, 1932, be and the same is hereby vacated and set aside; and it is

" Ordered, that plaintiff's said motion for a new trial herein be and the same is hereby granted in the interests of justice."

The vital question here is whether the plaintiff should have been relieved of his stipulation. A stipulation was made during the course of the trial and when testimony was being given as to the distance the car ran after it began " to shimmy " before it left the road and struck a tree, plaintiff's attorney said: " We will stipulate it was approximately 25 feet." Defendant's attorney said: " The attorneys stipulate upon the record that the distance from where the car shimmied to the point where it hit the tree was

approximately 25 feet." The motion to relieve plaintiff of this stipulation was addressed to the sound discretion of the court, which has power to relieve from the stipulation even after a verdict, when properly moved thereto on account of equitable considerations. (*Donovan* v. *Twist*, 119 App. Div. 734, 735; *Levy* v. *D., L. & W. R. R. Co.*, 211 id. 503, 506; *Fried* v. *N. Y., N. H. & H. R. R. Co.*, 183 id. 115, 123.)

The order under section 549 of the Civil Practice Act, made April 18, 1932, provides: " Ordered, that the said motion be and the same hereby is denied, but without prejudice, to a further motion under Civil Practice Act, section 552, either singly or in conjunction with such other motion as the plaintiff may elect to make." It is quite evident that the court denied that motion because of the effect of this stipulation. The witnesses who had testified before the stipulation was made disagreed widely as to the distance referred to. It had been testified that the distance was as much as 100 feet. Evidently when the court made its order under section 549 it had in mind that another motion might well be made under which relief might be had by plaintiff. As appears in his memorandum the trial judge thought the fact stipulated was of vital importance in an appraisal of defendant's conduct at the controls when the trouble began. Having concluded to vacate the stipulation it follows within reason that the verdict would be set aside and a new trial granted. The new trial was granted in the interests of justice. We do not find a sufficient ground for interfering with the discretion of the court. This order should be affirmed.

VAN KIRK, P. J., HINMAN, HILL and CRAPSER, JJ., concur; RHODES, J., concurs as to the affirmance of the order denying motion to set aside verdict and for new trial under section 549 of Civil Practice Act, and dissents and votes to reverse order granting new trial under section 552 of Civil Practice Act, and votes to reinstate verdict.

Order denying motion to set aside the verdict and for a new trial under Civil Practice Act, section 549, affirmed.

Order granting a new trial under Civil Practice Act, section 552, affirmed, with costs.