DONALD G. KEELER, Plaintiff, *v.* ROBERT P. TEMPLETON and MARJORIE K. TEMPLETON, Defendants.

Supreme Court, Special Term, Chemung County, December 15, 1937.

*Diven & Diven* [*Irving B. Diven* of counsel], for the plaintiff.

*Henry & Denton* [*Edgar Denton, Jr.*, of counsel], for the defendants.

PERSONIUS, J. This action was tried by this court and a judgment dismissing the complaint granted. (164 Misc. 113.) The facts are there stated.

At the trial the parties stipulated that under the California law applicable a " valid extension of the date of payment of the note [in question] without the consent of the [defendants] would release them from all liability thereon or for the obligation represented thereby." We held that there was a valid extension of the date of payment. Concededly, the defendants did not consent. Not-

withstanding the stipulation the plaintiffs relied on *Mortgage Guarantee Co.* v. *Chotiner* (8 Cal. [2d] 110; 64 P. [2d] 138) as holding contrary thereto. The stipulation being of a fact (foreign law), and no application being made for relief therefrom, the court felt bound thereby. Apparently the plaintiff was relying mainly on its contention that there was no consideration for the extension of time and that the extension was, therefore, invalid. We held otherwise.

The plaintiff now moves to be relieved from the stipulation. It appears that it was made before the Supreme Court of California rendered its decision in *Mortgage Guarantee Co.* v. *Chotiner* (*supra*). Although in that case the guaranty contained an express authorization of " extensions without notice," such fact was not referred to therein. We think the plaintiff should be relieved from his stipulation above quoted, and his motion to that extent is granted. (*Nasios* v. *Contompasis*, 236 App. Div. 621; *People ex rel. Tappin* v. *Cropsey*, 176 id. 415; *Hallow* v. *Hallow*, 200 id. 642.)

It was also stipulated that the " action be submitted  *  *  * upon such statutes of California or cases reported in the Pacific Reporter as the court may deem applicable." We think *Mortgage Guarantee Co.* v. *Chotiner* (*supra*) applies. It is contrary to the stipulation, and, therefore, eliminates one of the grounds on which we based our decision (164 Misc. 113, 118).

This, however, does not warrant the granting of a new trial or modification of our previous decision. It was based upon another ground, also.

The Uniform Negotiable Instruments Law has been adopted in both California and New York. We refer to the sections of the California statutes. (See Cal. Civ. Code of 1933.) Section 3201 is a counterpart of section 201 of the New York statute; section 3205 of section 205, and section 3206 of section 206.

As we pointed out, section 3201 provides for the discharge of persons secondarily liable; section 3205 provides that a material alteration avoids a negotiable instrument, and section 3206 that an alteration which changes the time of payment or alters the effect of the instrument in any respect is a material alteration. *Mortgage Guarantee Co.* v. *Chotiner* (*supra*) held that the defendants were not discharged under said section 3201. But that case nowhere mentions sections 3205 or 3206. It does not discuss or determine the effect of those sections. It may have referred to cases in other States which considered similar sections, but such reference was only in connection with the court's consideration of section 3201. We are referred to no California case which considers the effect of sections 3205 and 3206. There is conflict of authority in other States. In the absence of California authority we still prefer to

follow the New York rule as laid down in *Manufacturers Trust Co.* v. *Steinhardt (265* N. Y. 145), as we did in our decision.

It is argued that sections 3205 and 3206 refer to an alteration in an " original " instrument and that an extension of time made after the due date is not such an alteration. We cannot agree. There is but one instrument, namely, the note. A change in its due date at any time is an alteration under section 3206. Authorities to that effect were cited in our original decision.

The motion to set aside the judgment and for a new trial is denied, without costs.

Submit order accordingly.