Louis L. Friedman, J.
In this article 78 (Civ. Prac. Act) proceeding, one Blau moves for an order relieving him from the terms of a stipulation, and further asks that the stipulation he vacated insofar as it applies to him.
By cross motion, respondent moves for an order denying the present application and directing that an order heretofore entered in this proceeding be resettled so as to provide that the present moving party, Blau, be bound thereby.
The facts in this case closely parallel those in Shlakman v. Board of Higher Educ. (5 Misc 2d 901, [Hart, J.]).
The original article 78 proceeding was brought by a number of petitioners for the purpose of overruling a determination made by the respondent Board of Education of the Gity of New York. These petitioners were school teachers having tenure, and in 1952 they were subpoenaed to and appeared before a subcommittee of the Committee on Judiciary of the United States Senate. They were there questioned as to their then or prior affiliation "with the Communist party. Asserting the privileges afforded them by the Fifth Amendment, they each refused to answer, and, as a result thereof, by resolutions made by respondents in October of 1952 their employment was terminated. Bespondents purported to act pursuant to the provisions of section 903 of the New York City Charter.
This proceeding followed, instituted by petitioners in November of 1952. When the matter came on before Special Term the application was denied and the proceeding was dismissed (Matter of Daniman v. Board of Educ., 202 Misc. 915). On June 15,1953, the Appellate Division affirmed (282 App. Div. 717). At the same time, when this matter came on before the Special Term and when it was argued in the Appellate Division, the court heard and decided simultaneously a separate proceeding involving college personnel in the employ of the Board of *666 Higher Education of the City of New York, who had been dismissed under the same circumstances. The decision of the Appellate Division affirmed the dismissal of that proceeding by the Special Term (282 App. Div. 718).
One of the petitioners in these proceedings, named Sloehower, dissatisfied with the services of his attorney, and while the appeals in both proceedings were pending in the Appellate Division, sought and secured a substitution of counsel. By reason thereof, his appeal was argued separately. Thus, when the matter was presented to the Appellate Division, it came there by reason of separate notices of appeal filed by the two petitioning groups, as well as one by Sloehower, and on the appeals themselves separate briefs were filed and separate arguments were made.
On June 18, 1953, three days after the affirmances by the Appellate Division, the respondent terminated the employment of the present moving party, Harold Blau. At the same time five other teachers were also discharged, all six of them having refused to testify before the same Senate subcommittee for the same reason previously indicated. These employees, hereinafter referred to as the “ stipulants,” retained the same attorney who was then representing the group of petitioners in the main proceeding.
There then followed many discussions, and, on September 10, 1953, a stipulation was entered into on behalf of the present moving party and the others in his group. This stipulation, after reciting that the issues of law and fact relating to the termination of the employment of stipulants ‘ ‘ are substantially similar to the issue of law and fact in the above entitled proceedings and * ® * in the interests of economy, the parties considered that no useful purpose will be served by the institution of independent proceedings * * * or by their formal intervention as parties in the above entitled proceedings,” provided inter alia: (1) That the said stipulants “ shall for all purposes be considered as parties to this proceeding to the end that the final order of judgment made herein in behalf of the present parties petitioner shall apply to and benefit or bind them, as the case may be, with the same force and effect as though they were formal parties petitioner herein.” (2) The final order to be entered herein may, at the request of counsel for the petitioners or of counsel for the respondent, refer to and include (the named stipulants) within its terms so that claim for reinstatement of (the named stipulants) shall be disposed of in the same manner and upon the same terms and conditions as are the claims to reinstatement of the petitioners formally named herein. The *667 stipulation further provided: “4. It shall not be necessary for (naming stipulants) to institute any other proceeding or formally to intervene in the above pending proceeding or to take any steps to become formal parties herein, and their rights shall be determined by the final order to be entered herein on the basis of this stipulation.”
Following the execution of this stipulation, the matter came on before the Court of Appeals where the order of the Appellate Division was affirmed (306 N. Y. 532). Motions for reargument and to amend the remittitur of the Court of Appeals to show that a Federal question had been presented were denied (307 N. Y. 806).
Petitioners then appealed to the United States Supreme Court, and by a decision handed down on February 7, 1955, the appeal was dismissed for want of a properly presented Federal question (348 U. S. 933). A second motion to amend the remittitur or, in the alternative, to recall and retain the remittitur pending the decision by the United States Supreme Court in the companion case of Matter of Slochower, was denied by the Court of Appeals on April 14,1955 (308 N. Y. 909).
Petitioner Slochower’s matter was heard by the United States Supreme Court and he eventually prevailed therein (350 U. S. 551). The court held that section 903 of the New York City Charter was unconstitutional in its application under the circumstances there present, and directed that Slochower be reinstated to his position as a school teacher. Fortified by this decision relating to Slochower, petitioners herein again moved before the Court of Appeals for some relief, contending that they were entitled to the same determination as had been made in his case. Again, the Court of Appeals denied their application on June 8, 1956 (1 N Y 2d 855), and in September, 1956, petitioners appealed to the United States Supreme Court from the denial of this motion. In addition, petitioners filed a separate motion in said Supreme Court for a rehearing of that court’s order denying their original appeal, and also filed a petition for certiorari to the Court of Appeals from its order of June 8, 1955. On December 17, 1956, the Supreme Court denied petitioners’ application, dismissed their appeal, and denied their petition for certiorari (352 U. S. 950).
Thus, there is presented the picture of a group of teachers having lost their positions by virtue of the provisions of section 903 of the New York City Charter, a determination by the United States Supreme Court that said section is unconstitutional in its application under the circumstances therein present, *668 and the anomalous result that one of the teachers affected thereby is entitled to reinstatement, while the others are not.
Other proceedings followed. On December 17, 1957, Blau, the present moving party, together with the other stipulants, appealed to the State Commissioner of Education under the provisions of section 310 of the Education Law. Contending that they were entitled to reinstatement by virtue of the decision of the Supreme Court in the Slochower case, stipulants asserted that in the interests of uniformity and equity they should be reinstated. While the appeal before the Commissioner of Education was pending, Blau’s appeal was severed from that of the other stipulants, and an adjournment was granted to permit a substitution of counsel. The remaining stipulants presented their appeal to the Commissioner and in a decision dated June 19, 1958, he refused to accept jurisdiction, holding that whether or not the stipulations were binding, appellants had had a choice of remedies, and having elected to choose the courts as their forum, they could not now come before the Commissioner.
Blau now urges that an inequitable and unjust result has occurred, and that his employment has been terminated under the provisions of a statute which has been determined to be unconstitutional. He urges further that he is a person who is similarly situated as Slochower, and that since his time to institute an article 78 proceeding in his own behalf has expired he is entitled to relief from the courts, to the extent that he should be relieved of the stipulation entered into by him (citing Magnolia Metal Co. v. Pound, 60 App. Div. 318; Tauziede v. Jumel, 138 N. Y. 431; Keller v. Templeton, 165 Misc. 392; Foote v. Adams, 232 App. Div. 60; People ex rel. Tappin v. Cropsey, 176 App. Div. 415). This relief, he contends, will afford him the right to present his individual appeal before the Commissioner of Education.
The language in some of the cases cited appears broad enough to sustain movant’s position. While the facts are in some instances distinguishable, the broad propositions of law seem to justify a conclusion that movant is entitled to relief from our courts.
There is no question but that the clear and unambiguous terms of the stipulation, which Blau concedes in effect ‘ ‘ he fully understood and authorized,” made him a party to the instant proceeding. What he did not know or anticipate, however, was that there was a likelihood that all of the discharged teachers might ultimately wind up with different results, and that this could come about by reason of the retention by one of the parties of a different attorney. All of the teachers apparently had a *669 common cause, and liad retained the same attorney to present their claimed grievances. Movant was certainly justified, when he signed the stipulation, in assuming that the rights of all of the teachers would eventually be dealt with in the same manner.
While there is no claim that respondent was guilty of overreaching, concealment or misrepresentation (Van Nuys v. Titsworth, 57 Hun 5), still there is sufficient before the court to indicate that said stipulation was entered into inadvisedly or improvidently and when the court is satisfied that such is the case, the stipulation may be set aside (Campbell v. Bussing, 274 App. Div. 893; Van Nuys v. Titsworth, supra).
This court recognizes that the parties may stipulate away their rights, both statutory and constitutional, and £ £ may in many ways make the law of any legal proceeding to which they are parties,” and may even waive the rights of appeal (Matter of New York, Lackawanna, & Western R. R., 98 N. Y. 447, 453, cited with approval in Pines v. Beck, 300 N. Y. 181; Buda v. State of New York, 278 App. Div. 424; Rules Civ. Prac., rule 4; Skinner v. Paramount Pictures, 294 N. Y. 474).
It is difficult for the court to accept and indorse any decision which permits a person to be deprived of property or other rights under a section of law which has been declared by the highest court of this land to be unconstitutional. This is a Government of laws, not of men, and our principles of equal justice demand that all be treated alike. Despite the fact that the activities of all the stipulants herein and of the petitioners in this proceeding are allegedly tied up with the investigation into Communist activities in this country, those who must face charges of wrongdoing are entitled to every protection which the law affords to them. Local hysteria and the search for a desirable result must never be sufficient reason for casting aside our own constitutional processes in order that this result be achieved. The rights which we have gained came about as a result of many years of bitter struggles, and it must seem inconceivable to those with a love and respect for our system of jurisprudence that a section of law may be declared by the Supreme Court to be unconstitutional, and that despite that fact people may be deprived of rights under such section. Under our form of government, every person, even those with whose philosophies we most violently disagree, are entitled to their day in court and may be deprived of property or other rights only by constitutional means. Were we to do otherwise, then we are adopting the procedures of the kind of government with whose political, social and economic philosophies we so much disagree.
*670 This court recognizes that “ the interests of society demand that there shall be a termination of every controversy ” (1 Freeman, Law of Judgments [5th ed.], p. 383). This court further recognizes that every legal avenue seems to have been closed to this moving party, since the time for the institution of an article 78 proceeding on his behalf has long expired. Despite his contentions that if relieved from the stipulation, he would be able to prosecute his appeal before the State Commissioner of Education, there is nothing before the court to indicate that such appeal will be allowed. Indeed, the Commissioner has already taken the position that by electing to join the proceeding already referred to, the stipulants made an irrevocable election of remedies, and it seems that a vacatur of this stipulation would not appear to revoke effectively that election (Conrow v. Little, 115 N. Y. 387, 389). In addition, there is a very serious question of laches which has been aggravated by the further delay of nine months before the present application was presented, and as appears from section 310 of the Education Law, the determination of the Commissioner is final and not reviewable by any court. Since “ Courts will not decide mere abstract questions from the determination of which no practical result can follow” (Matter of Woodworth, 64 Hun 522, 525, citing People ex rel. Geer v. Common Council of Troy, 82 N. Y. 575; Horton v. Cantwell, 108 N. Y. 255), the granting of this motion would afford Blau no relief unless the Commissioner of Education will reverse his own previous determination, and accept Blau’s appeal.
The respondent has urged here that in each of the further applications to the Court of Appeals and to the Supreme Court by the petitioners, with whom this movant elected to join, the said appellate courts were asked to reverse their previous determinations because of the disparity in result in the Slochower case and that of petitioners, and that despite such claim, both the Court of Appeals and the Supreme Court have held that petitioners are in no position to claim the benefit of the Slochower decision (1 N Y 2d 855, 352 U. S. 950).
Accordingly, in order that there may be a final termination to this litigation, the motion of Blau is denied, with leave, however, to renew, or to move for reconsideration or reargument thereof, in the event that within any reasonable time from the date hereof, the Commissioner of Education indicates in writing his change in position to the effect that he is willing to consider the appeal of the present moving party. The cross motion to dismiss is denied. Settle order on notice.